UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 4:24-cr-015 |
| v. | **PLEA AGREEMENT** |
| SCOTT EUGENE SMITH, | |
| Defendant. | |

The United States of America (also referred to as "the Government"), Defendant, Scott Eugene Smith, and Defendant's attorney, enter into this Plea Agreement.

**A. CHARGES**

1. <u>Subject Offenses</u>. Defendant will plead guilty to Count 1 of the Indictment, that is, Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8); Count 2 of the Indictment, that is, Possession with Intent to Distribute a Controlled Substance (methamphetamine), in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B); Count 5 of the Indictment, that is, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, with Discharge, in violation of Title 18, United States Code, Section 924(c)(1)(A); and Count 6 of the Indictment, that is, Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8). Defendant also agrees to forfeiture of the firearms and proceeds, as set forth in the Plea Agreement and listed in the Indictment.

1

2. <u>Charges Being Dismissed</u>. If the Court accepts this Plea Agreement, Counts 3 and 4 of the Indictment, that is, Possession with Intent to Distribute a Controlled Substance (fentanyl and marijuana), in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D), will be dismissed at the time of sentencing. Defendant understands that, even though Counts 3 and 4 will be dismissed, all relevant conduct including the conduct that supported the charges in Counts 3 and 4 will be considered by the Court at the time of sentencing.

**B. MAXIMUM PENALTIES**

3. <u>Maximum and Mandatory Minimum Punishment</u>. Defendant understands that the crime to which Defendant is pleading guilty in Count 1 carries a maximum sentence of 15 years in prison; a maximum fine of $250,000; and a term of supervised release of 0 years up to 3 years. Defendant further understands that the crime to which Defendant is pleading guilty in Count 2 carries a mandatory minimum sentence of at least 5 years in prison and a maximum sentence of 40 years in prison; a maximum fine of $5,000,000; and a term of supervised release of at least 4 years up to life. Defendant further understands that the crime to which Defendant is pleading guilty in Count 5 carries a mandatory minimum sentence of at least 10 years in prison and a maximum sentence of life in prison; a maximum fine of $250,000; and a term of supervised release of up to 5 years. Defendant further understands that the crime to which Defendant is pleading guilty in Count 6 carries a maximum sentence of 15 years in prison; a maximum fine of $250,000; and a term of supervised release of up to 3 years. A mandatory special assessment of $100 per

count must also be imposed by the Court. Defendant understands that these sentences may be imposed consecutively. Defendant understands that the Court may not impose a sentence less than the mandatory minimum sentence unless the Government files a motion for substantial assistance under 18 U.S.C. § 3553(e). No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum.

4. <u>Mandatory Consecutive Sentence</u>. Defendant specifically understands that the 10-year term of imprisonment for **Count 5** must be imposed consecutive to any other term of imprisonment.

5. <u>Supervised Release--Explained</u>. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than 5 years in prison on any such revocation, without any credit for time previously served.

6. <u>Detention</u>. Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

7. <u>Withdrawal of Section 851 Notice</u>. Defendant expressly acknowledges that, as a material condition of this Plea Agreement, the Government has agreed to withdraw the filing of an enhancement under Title 21, United States Code, Section 851 for one or more prior serious drug felony convictions, to wit, Possession of a

Controlled Substance with Intent to Deliver (Second or Subsequent), in the Iowa District Court for Polk County, in case number FECR224302.

C.     **NATURE OF THE OFFENSE -- FACTUAL BASIS**

8.     <u>Elements Understood</u>.    Defendant understands that to prove the offense alleged under **Counts 1 and 6 (Felon in Possession of a Firearm)**, the Government would be required to prove beyond a reasonable doubt the following elements:

- (a) The defendant had been convicted of a crime punishable by a term of imprisonment exceeding one year;
- (b) The defendant knew he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year;
- (c) Thereafter, the defendant thereafter knowingly possessed a firearm; and
- (d) The firearm was transported across a state line sometime during or before the defendant's possession of it.

Defendant further understands that to prove the offense alleged under **Count 2 (Possession with Intent to Distribute a Controlled Substance)**, the Government would be required to prove beyond a reasonable doubt the following elements:

- (a) On or about September 26, 2023, the defendant possessed methamphetamine;
- (b) The defendant knew that he possessed a controlled substance;
- (c) The defendant intended to distribute some or all of that methamphetamine to another person(s);
- (d) The amount of methamphetamine the defendant possessed with the intent to distribute was 5 grams or more.

4

Defendant further understands that to prove the offense alleged under **Count 5 (Possession of a Firearm in Furtherance of a Drug Trafficking Crime, with Discharge)**, the Government would be required to prove beyond a reasonable doubt the following elements:

    (a)    On or about September 26, 2023, the defendant committed the crime of possession with intent to distribute a controlled substance (methamphetamine);

    (b)    The defendant knowingly possessed a firearm in furtherance of that crime; and

    (c)    The firearm was discharged.

9.    <u>Factual Basis</u>. As a factual basis for Defendant's pleas of guilty, Defendant admits the following:

    (a)    On September 25, 2023, while at the Baymont Hotel in Des Moines, Iowa, Defendant knowingly possessed a loaded Ruger, model LCP II, .22LR caliber pistol, with serial number 3800757181. The .22LR caliber pistol was a stolen firearm. Defendant disposed of this firearm in a dumpster.

    (b)    On September 26, 2023, Defendant was driving a Honda Civic, in Des Moines, Iowa. In the car and on his person, Defendant knowingly possessed the following:

        i. approximately 39.91 grams of methamphetamine and 117.46 grams of marijuana, in the Honda Civic;

        ii. a loaded, Llama (Gabilondo & Cia) model Max II, .45 caliber pistol, with serial number C20004, in the Honda Civic;

        iii. a stolen, CZ (Ceska Zbrojovka), model CZ-75B, nine-millimeter pistol with serial number C023108, in the Honda Civi;

        iv. approximately $640 cash in his left pocket; and

        v. a bag containing 39 fentanyl pills in his left pocket.

(c) Defendant intended to distribute some or all of the methamphetamine, fentanyl pills, and marijuana to another person(s). Further, Defendant intended to distribute at least 5 grams of the methamphetamine he knowingly possessed in his car.

(d) Defendant knowingly possessed the Llama (Gabilondo & Cia) model Max II, .45 caliber pistol, with serial number C20004; and CZ (Ceska Zbrojovka), model CZ-75B, nine-millimeter pistol with serial number C023108, in furtherance of these drug crimes. Specifically, Defendant possessed these guns, at least in part, to protect himself, his drugs, and his drug proceeds, in furtherance of his ongoing drug trafficking activity. Defendant discharged the Llama, .45 caliber pistol, as described below.

(e) On September 26, 2023, Defendant was driving the Honda Civic (containing the drugs and firearms), outlined above. He then ran a stop sign. Polk County Sheriff's Deputy Kay was in uniform in a marked patrol car attempted to stop Defendant for this traffic violation. Defendant did not stop and accelerated to the parking lot of Budget Inn & Suites hotel in Des Moines, Iowa. Defendant jumped from the moving Honda Civic and ran towards the hotel. As Deputy Kay's patrol car reached the area, Defendant pulled out the loaded Llama, .45 caliber pistol and fired one round from the gun towards the direction of Deputy Kay's patrol car. Defendant then ran inside the hotel and waited by a doorway as Deputy Kay exited his patrol car and walked towards the hotel. Defendant fired two more rounds from the Llama, .45 caliber pistol at Deputy Kay.

(f) Defendant ran to and entered room #202 with a room key. Defendant left the Llama, .45 caliber pistol in the room in a backpack. Defendant went out on the roof and discarded his cellular phone in the courtyard area of the hotel before hiding in the office area of the hotel. Defendant hid in the office area of the hotel before being found by law enforcement.

(g) Prior to his possession of these firearms on September 25 and 26, 2023, Defendant had been convicted of a crime punishable by a term of imprisonment exceeding one year. Specifically, among other crimes, Defendant had been convicted of Possession of a Controlled Substance with Intent to Deliver (Second or Subsequent) in Polk County, Iowa in case number FECR224302. Defendant knew of this conviction.

6

(h) The Ruger, model LCP II, .22LR caliber pistol, with serial number 3800757181; Llama (Gabilondo & Cia) model Max II, .45 caliber pistol, with serial number C20004; and CZ (Ceska Zbrojovka), model CZ-75B, nine-millimeter pistol with serial number C023108, were each manufactured outside the State of Iowa and therefore crossed a state line prior to Defendant's possession of them.

10. <u>Truthfulness of Factual Basis</u>. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

11. <u>Venue</u>. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

D. **SENTENCING**

12. <u>Sentencing Guidelines</u>. Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a) The nature of the offenses to which Defendant is pleading guilty;

(b) The quantity of drugs involved;

(c) The number of firearms possessed;

(d) The fact that firearms were stolen;

7

(e) Whether a cross-reference under USSG §2K2.1(c)(1)(A) applies, with the parties stipulating as a recommendation to the District Court that the cross-reference to attempted murder under USSG §2A2.1(a)(1) applies;

(f) Whether Defendant acted in a manner creating substantial risk of serious bodily injury knowing or having reasonable cause to believe that person was a law enforcement officer, assaulted the officer during the offense or immediate flight therefrom, with the parties stipulating as a recommendation to the District Court that the six-level upward adjustment applies under USSG §3A1.2(c)(1);

(g) The nature and extent of Defendant's criminal history (prior convictions); and

(h) Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

13. <u>Acceptance of Responsibility</u>. The Government agrees as a recommendation to the District Court that Defendant receive credit for acceptance of responsibility under USSG §3E1.1(a). The Government reserves the right to oppose a reduction under §3E1.1(a) if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise fails to clearly demonstrate acceptance of responsibility. If Defendant qualifies for a decrease under §3E1.1(a), and the base offense level is 16 or above, as determined by the Court, the Government agrees to make a motion to the District Court that Defendant should receive an

additional 1-level reduction under USSG §3E1.1(b), based on timely notification to the Government of Defendant's intent to plead guilty. The government may withhold this motion based on any interest identified in USSG §3E1.1.

14. <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

15. <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

16. <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal

Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

17. <u>Joint Sentencing Recommendation</u>. Under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the Court should impose a sentence of not less than 180 months' imprisonment and not more than 360 months' imprisonment, and will not advocate for a sentence outside that range. The parties agree that this sentence takes into account all of the relevant factors set forth under 18 U.S.C. § 3553(a), including the advisory sentencing guidelines calculation, the nature and circumstances of the offense, the history and characteristics of Defendant, and other pertinent factors. Should the Court decline to impose this recommended sentence, Defendant may withdraw Defendant's plea of guilty and the case will then be set for trial; likewise, if the Court declines to impose the recommended sentence, the Government also may withdraw from this Plea Agreement and the case will be set for trial. In the event that the relevant advisory guidelines are amended and made retroactive under 18 U.S.C. § 3582(c)(2), Defendant waives any right to seek a sentencing reduction in exchange for this Rule 11(c)(1)(C) Plea Agreement.

**E. FINES, COSTS, AND FORFEITURE**

18. <u>Forfeiture</u>. Defendant agrees to forfeiture of the property identified in the Indictment, specifically: Ruger, model LCP II, .22LR caliber pistol, with serial number 3800757181; and ammunition; magazines; and firearm parts; and Llama (Gabilondo & Cia) model Max II, .45 caliber pistol, with serial number C20004; ammunition; magazines; firearm parts; and CZ (Ceska Zbrojovka), model CZ-75B,

nine-millimeter pistol with serial number C023108; ammunition; magazines; firearm parts. Defendant will execute any documents as directed by the Government to complete the forfeiture.

19. <u>Waivers Regarding Forfeiture</u>. Defendant waives all challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds. Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

20. <u>Consent to Judgment of Forfeiture</u>. Defendant agrees to waive all interest in assets subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

21. <u>Fines and Costs</u>.  Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

22. <u>Special Assessment</u>.  Defendant agrees to pay the mandatory special assessment of $100 per count of conviction at or before the time of sentencing, as required by 18 U.S.C. § 3013.

**F.  LIMITED SCOPE OF AGREEMENT**

23. <u>Limited Scope of Agreement</u>.  This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement.  Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

24. <u>Agreement Limited to Southern District of Iowa</u>.  This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

**G.  WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS**

25. <u>Trial Rights Explained</u>.  Defendant understands that this guilty plea waives the right to:

    (a)    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d) Confront and cross-examine adverse witnesses;

(e) Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g) If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

26. <u>Waiver of Appeal and Post-Conviction Review (Mutual)</u>. Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to the Court's entry of judgment against Defendant. If the Court imposes the sentence recommended by the parties, Defendant and the Government also waive any and all rights to appeal Defendant's sentence. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial

13

misconduct.

## H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

27. <u>Voluntariness of Plea</u>.  Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

   (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

   (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

   (c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

   (d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

28. <u>Consultation with Attorney</u>.  Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

   (a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

   (b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

   (c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and

circumstances of the case, and the consequences of the plea.

I.  **GENERAL PROVISIONS**

29. <u>Entire Agreement</u>.  This Plea Agreement, and any attachments, is the entire agreement between the parties.  Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

30. <u>Public Interest</u>.  The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

31. <u>Execution/Effective Date</u>.  This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

J.  **SIGNATURES**

32. <u>Defendant</u>.  I have read all of this Plea Agreement and have discussed it with my attorney.  I fully understand the Plea Agreement and accept and agree to it without reservation.  I do this voluntarily and of my own free will.  No promises have been made to me other than the promises in this Plea Agreement.  I have not been threatened in any way to get me to enter into this Plea Agreement.  I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.  I am entering into this Plea Agreement and will enter my plea of guilty under this Plea Agreement because I committed the crime to which I am pleading guilty.  I know that I may ask my attorney and the judge any

questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

_9/Ma-6-24_
Date

_Scott Smith_
Scott Eugene Smith

33. <u>Defendant's Attorney</u>. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

_9-6-24_
Date

_[signature]_
Joseph Herrold
Attorney for Scott Eugene Smith

34. <u>United States</u>. The Government agrees to the terms of this Plea Agreement.

Richard D. Westphal
United States Attorney

9/9/2024
Date

By: _[signature]_
Mikaela J. Shotwell
Douglas D. Hammerand
Assistant U.S. Attorneys
Neal Smith Federal Building

16

210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Telephone: 515-473-9300
Telefax: 515-473-9292
E-mail: Mikaela.Shotwell@usdoj.gov
    Douglas.Hammerand@usdoj.gov