IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Criminal No. 4:24-cr-015 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | RESPONSE TO CLAIM OF |
| | ) | ALEXANDER PILAR FELIX GOMEZ |
| SCOTT EUGENE SMITH, | ) | |
| | ) | |
| Defendant. | | |

1. Pursuant to the statutory procedures generally applicable to federal criminal forfeitures, 21 U.S.C. § 853(n), Alexander Pilar Felix Gomez (hereinafter "Petitioner") has filed a petition (R. Doc. 42) asserting a legal right to certain property which has been ordered preliminarily forfeited under Fed. R. Crim. P. 32.2(a)(2), namely:

**a loaded Ruger, model LCP II, .22LR caliber pistol (SN: 380757181).**
(R. Doc. 39).

2. As detailed below, the Government does not object to the petition.

3. Section 853(n)(3) requires that the petition be signed by the Petitioner under penalty of perjury, and that it must set forth the nature and extent of the Petitioner's right, title, or interest in the property, the time and circumstances of the Petitioner's acquisition of the right, title, or interest, and any additional facts supporting the Petitioner's claim and relief sought. The Petitioner must state a legal interest in the property; an equitable interest is insufficient. *United States v.*

*Caruthers,* 765 F.3d 843, 845 (8th Cir. 2014). A petition may be denied if it is deficient on its face in stating the requirements of § 853(n)(3). 765 F.3d at 845-846.

4. A petition essentially operates as a request for this Court to hold a nonjury hearing, if necessary, to adjudicate the validity of this alleged interest in the subject property. 21 U.S.C. § 853(n)(2).

5. The Petitioner must prove he is entitled to the property by a preponderance of the evidence. 21 U.S.C. § 853(n)(6). *United States v. Porchay,* 533 F.3d 704, 709 (8th Cir. 2008).

6. Petitioner has complied with these requirement by claiming he owns the firearm and by providing the receipt for the purchase of the claimed firearm. The government reviewed the police report made by the Petitioner on September 14, 2023.

7. Upon review of the petition, the government is satisfied that petitioner has established a sufficient interest in the subject property establishing that it should be returned to him. The PSR references that on September 25, 2023, video surveillance showed the Defendant discarding the pistol into a dumpster. The pistol was in fact, stolen, as Petitioner alleges. (PSR, ¶16; R. Doc. 41.)

8. A Firearms Trace Summary from the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives documents that Mr. Felix Gomez purchased the firearm at Scheels in West Des Moines, IA on October 26, 2020.

9. A Des Moines Police Department report from September 29, 2023 documents the firearm as having being stolen from Mr. Felix Gomez.

10. A preliminary criminal background check indicates petitioner is not prohibited at this time from possessing or owning firearms.

11. The Government has no objection to returning this firearm at the conclusion of this matter, including the exhaustion of all appeal and collateral attack period, if he is then still legally able to possess firearms and ammunition.

                Respectfully Submitted,

                Richard D. Westphal
                United States Attorney

        By: */s/ Craig Peyton Gaumer*
                Craig Peyton Gaumer
                Assistant United States Attorney
                U. S. Attorney's Office
                210 Walnut Street, Suite 455
                Des Moines, Iowa 50309
                Tel: (515) 473-9300
                Fax: (515) 473-9292
                Email: craig.gaumer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

    X  U.S. Mail     Fax     Hand Delivery   X  ECF/Electronic filing    Other means

Alexander Pilar Felix Gomez                                 UNITED STATES ATTORNEY
                                                                       By: */s/ K. Saltos*
                                                                          Paralegal Specialist