IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 4:24-cr-015 |
| v. | |
| SCOTT EUGENE SMITH, | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | |

## Table of Contents

INTRODUCTION ................................................................................................ 1

PROCEDURAL BACKGROUND ...................................................................... 2

SENTENCING GUIDELINES ............................................................................ 2

THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 360 MONTHS ................... 3

CONCLUSION .................................................................................................... 5

### INTRODUCTION

On September 26, 2023, Defendant attempted to murder a law enforcement officer. Defendant did this using a gun that, as a convicted felon, he should not have had. In his car and on his person, he possessed drugs, firearms, and cash. The day before he tossed a stolen firearm in a dumpster. The Court should impose a sentence of 360 months in prison.

## PROCEDURAL BACKGROUND

On September 23, 2024, Defendant pleaded guilty to the following charges, pursuant to a plea agreement: Count 1 - felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8); Count 2 - possession with intent to distribute a controlled substance, namely: 5 grams or more of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B); Count 5 - possessing, brandishing, and discharging a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), and 924(c)(1)(A)(iii); and Count 6 - felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).  Under Rule 11(c)(1)(C), the parties agreed that the District Court should impose a sentence of not less than 180 months' imprisonment and not more than 360 months' imprisonment.  There are no outstanding objections to the Presentence Investigation Report (PSR).  All information currently contained in the PSR should remain and should be taken into consideration in imposing sentence.

## SENTENCING GUIDELINES

The parties agree the PSR correctly calculates the advisory guidelines range for Group A in this case as follows:

| | |
|---|---|
| Attempted murder (§§2K2.1(c)(1), 2A2.1(a)(1)) | 33 |
| Official victim (§3A1.2(c)(1)) | +6 |
| Acceptance of responsibility | -3 |
| Total offense level | 36 |
| | |
| Criminal history: | VI |
| | |
| Guideline range: | 324 to 405 months' imprisonment |

>Count 5 requires a mandatory minimum of 120 months imprisonment, which shall be imposed consecutively to any other term of imprisonment. The effective guideline range is 444 to 525 months' imprisonment.

## THE § 3553(a) FACTORS SUPPORT A 360-MONTH SENTENCE

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a). For the reasons that follow, the § 3553(a) factors support a 360-month sentence.

Defendant's case is more than discharging a firearm in furtherance of a drug trafficking crime. Instead, Defendant committed this crime in one of the most aggravating ways possible—by repeatedly shooting a gun he was not supposed to have at a law enforcement officer. The video footage of Defendant's actions speaks for itself and is, quite frankly, terrifying. GXT 1, 3.

Leading up to that, on September 26, 2024, Defendant lead law enforcement on a car chase, culminating with him jumping out of a moving vehicle. GXT 1. After bailing from the car, Defendant brandished a loaded Llama, .45 caliber pistol and fired a shot in Deputy D.K.'s direction. GXT 2; PSR ¶ 17. Defendant ran to an entry way of a hotel, lying and wait for Deputy D. K. After Deputy D.K. exited his vehicle, Defendant fired two shots at Deputy D.K. GXT 3, 4, 5; PSR ¶ 18. Defendant would have fired more shots but the Llama, .45 caliber pistol malfunctioned during firing. *Id*. ¶ 19. To get away Defendant ran down the hotel hallway (GXT 6, 7) and entered Room 202 using a room key. PSR ¶ 19. He hid the Llama, .45 pistol in a backpack. *Id*. Defendant went out the window and discarded his phone, before coming back inside the hotel and hiding for several hours in a void in the wall in the office area. *Id*. ¶ 20. Defendant had fentanyl pills and cash on his person. *Id*. ¶ 21. He had more drugs and another gun—a stolen CZ stolen 9mm pistol—in his car. *Id*. ¶ 22. His cell phone had photos of him with guns and many messages indicative of drug trafficking. *Id*. ¶ 25.

It's difficult to overstate the depravity of what Defendant did: firing intentionally at a law enforcement officer several times to kill him.

Defendant has a significant criminal history. He has convictions for: multiple drug trafficking offenses (*Id*. ¶¶ 49, 59); felon in possession of a firearm (*Id*. ¶ 54); repeated offenses of interference with official acts (*Id*. ¶¶ 50, 52, 54, 61, 63, 64, 66); instances of eluding *(Id*. ¶¶ 53, 56, 69); and repeated offenses of escape from custody (*Id*. ¶¶ 55, 57, 60, 65, 67, 68).

In 2005, while incarcerated at the Iowa Department of Corrections, Defendant was diagnosed with antisocial personality disorder and adjustment disorder. *Id.* ¶ 110. When he was released from prison in 2023, he was diagnosed with adjustment disorder with mixed anxiety and depressed mood for which he was prescribed medication. *Id.* ¶ 111. Instead of taking the prescribed medication, Defendant used drugs to cope with his mental health symptoms. *Id.* ¶ 108. Defendant clearly has a substance abuse history and continues to abuse substances while being held in custody at the Polk County jail. *Id.* ¶ 12.

Defendant's history and characteristics demonstrate a complete disregard for law enforcement and the law. This case warrants a sentence of 360 months' imprisonment to protect the public and deter Defendant from further crimes of violence.

## CONCLUSION

The Court should sentence Defendant to 360 months' imprisonment, to be served consecutively to any state terms of imprisonment.

Respectfully Submitted,

Richard D. Westphal
United States Attorney

By: */s/Douglas D. Hammerand*
Mikaela J. Shotwell
Douglas D. Hammerand
Assistant United States Attorneys
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Mikaela.Shotwell@usdoj.gov
Douglas.Hammerand@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2025, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by:

____ U.S. Mail   ____ Fax   ____ Hand Delivery

_X_ ECF/Electronic filing   ___ Other means (email)

UNITED STATES ATTORNEY
By:   */s/Alyssa DeGraff*, Paralegal Specialist